COMMONWEALTH *vs.* KEVIN F. LEMAY. April 6, 1981. The defendant has appealed from the denial of his motion brought pursuant to Mass.R.Crim.P. 30, 378 Mass. 900 (1979), which, although labelled as one for a new trial, sought to vacate on the ground of illegality a sentence of not less than five years nor more than seven years in the Massachusetts Correctional Institution at Walpole. The sentence was imposed on October 31, 1977, after the defendant entered a plea of guilty to an indictment charging him under G. L. c. 269, § 10 (as in effect prior to St. 1974, c. 649, § 2), with a second offense of unlawfully carrying a firearm. The incident which formed the basis for the indictment occurred on September 16, 1973. The motion was heard and denied on June 19, 1980, by the judge who had imposed the sentence. The questions on appeal are: (1) whether the judge in passing sentence applied the provisions of G. L. c. 269, § 10(*d*), for repeat gun law offenders put into effect in 1975 by the so called Bartley-Fox legislation (see St. 1974, c. 649, § 2; St. 1975, c. 4, § 2), instead of the provisions of the statute in effect in 1973, when the offense occurred, and (2) if the judge did apply the 1975 statute, whether the defendant is entitled to resentencing. Both statutes provide for a minumum mandatory five-year prison sentence for a

second conviction of unlawfully carrying a firearm and both prohibit suspension of that sentence. The statute in effect in 1973, however, did not establish a maximum term and did not prohibit straight probation (G. L. c. 276, § 87) as a possible disposition for a second carrying conviction, whereas the 1975 statute provided for a mandatory maximum of seven years and prohibited the imposition of probation. The defendant acknowledges that under both statutes a second offender must receive a minimum five-year prison sentence and that the sentence cannot be suspended. He argues, however, that, if the judge did rely on the later statute, he was deprived of the judge's "consideration of a probation alternative, when [he] was in fact entitled to that consideration under the plain terms of [G. L. c. 269, § 10] as it existed at the time of his 1973 offense." It is important to note that the defendant does not raise any question with respect to the voluntariness of the plea, nor does he question the adequacy of the representation provided to him by his plea counsel.

In denying the motion, the judge made several express findings, including one that "there is no reason to believe [that] this defendant would have been given a sentence other than what was endorsed on . . . [the gun law indictment] if Bartley-Fox had not been passed." It is by no means clear from the record that the judge misapprehended his power with respect to probation when he sentenced the defendant on the weapons charge. A statutory minimum of five years was required and the law governing indeterminate sentences in effect in 1973 permitted the seven year maximum. See G. L. c. 279, § 24 ("[i]f a convict is sentenced to the state prison . . . the court . . . shall fix a maximum and a minimum term for which he may be imprisoned"). Even if we assume that the judge incorrectly applied the 1975 statute, we take the foregoing statement as indicating that he would not, in the circumstances, have placed the defendant on probation for the § 10 violation, and that he fully intended to impose the minimum sentence required under both versions of the statute as punishment for a second offense. The judge's determination that he would not have considered probation, even if that sentencing alternative had been brought to his attention, is based on the judge's recollection of his own reasons for imposing the statutory minimum. These reasons could have taken into account the following factors which were before him at the time of sentencing: (a) that the sentence resulted from a plea bargain under the terms of which a five to seven year sentence was to be imposed on the gun charge, an unrelated armed robbery charge was to be dismissed and the defendant was to be given permission to plead to several other unrelated offenses; (b) that the plea bargain called for suspended sentences and a fine on the other offenses which could be considered to be less serious than the gun charge; (c) that the defendant was serving a sentence at the time of his pleas for the commission of still another offense; (d) that the defendant had spent twelve of his twenty-eight years in penal institutions; and (e) that the second gun offense followed a similar

weapons conviction by less than six months. Thus, this is not a situation where it can be said that the judge erred as matter of law by failing to realize that he had the right to exercise discretion. There is no error where the record makes clear that probation would not have been considered in any event as an alternative to the sentence mandated by the statute. Since the appeal can be disposed of on this basis, it is unnecessary to reach the question whether the present statute, if it was in fact applied at the time of sentencing, violated constitutional prohibitions against ex post facto punishment.

> *Order denying motion for post-*
> *conviction relief affirmed.*

*Sharon D. Meyers,* Assistant District Attorney, for the Commonwealth.

*Alfred E. Nugent (John R. McGrath* with him) for the defendant.