COMMONWEALTH *vs.* ROBERT M. LAYNE.

Worcester. January 10, 1983. May 2, 1985. — October 4, 1985.

Present: GREANEY, C.J., BROWN, & DREBEN, JJ.

*Practice, Criminal*, Sentence. *Rules of Criminal Procedure*.

Where the sentence imposed on the defendant in a criminal case did not exceed the prescribed maximum or otherwise violate the applicable statutory provision, any misapprehension the judge might have had with respect to the defendant's parole eligibility date would not make the sentence an illegal one subject to correction under Mass.R.Crim.P. 30(a). [18-20]

INDICTMENT found and returned in the Superior Court on September 28, 1971.

A motion for postconviction relief filed on May 12, 1980, was heard by *Joseph S. Mitchell, Jr.*, J.

Following remand by this court, further proceedings were had before *Herbert F. Travers, Jr.*, J.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.

*Lois M. Lewis* for the defendant.

BROWN, J. In May of 1980, approximately eight years after being convicted and sentenced on several indictments, including one for kidnapping (G. L. c. 265, § 26), the defendant filed a motion requesting postconviction relief pursuant to Mass.R.Crim.P. 30(a) and (b), 378 Mass. 900 (1979).[1] In his motion, the defendant claimed, among other things, that "[i]mproper considerations played a part in the sentencing process in violation of the Due Process Clause of the Fourteenth

---

[1] The indictments arose from the defendant's shooting of two policemen and his kidnapping of an elderly lady during the course of his attempted evasion of capture. The various posttrial proceedings are outlined in *Commonwealth* v. *Layne*, 386 Mass. 291, 292-294 (1982).

Amendment." After hearing, the Superior Court judge who had presided at the defendant's trial denied those aspects of the motion which came within Mass.R.Crim.P. 30(b).[2] The same judge, however, later ordered that the defendant's sentence on the kidnapping conviction be "[r]evised and [r]evoked" and reduced the term to be served from nine to ten years to three to four years. The judge did not make any findings or provide any reasons in support of his ruling.

The Commonwealth objected to the order revising that sentence and filed a timely notice of appeal. This court, after considering the record and briefs and hearing the arguments of counsel, remanded the case to the Superior Court and ordered the motion judge to provide a "fuller explanation of his actions and state his reasons therefor." This court further ordered the motion judge to "make findings of fact on the question whether the defendant's motion (or any aspects thereof) properly falls within the purview of Mass.R.Crim.P. 30(a)" and "to identify specifically the evidence relied on in support of each particular finding." Upon remand, the motion judge disqualified himself from the case pursuant to S.J.C. Rule 3:09, Canon 3(C) (1) (a), as appearing in 382 Mass. 811 (1981). As a result, another judge of the Superior Court was appointed to address the remand order.

In responding to the order, the second judge found that the defendant's motion was "extremely vague and obscure in specifying the relief sought" and noted that the grounds for relief "appear to fall into two categories: matters relating to alleged trial errors . . . and matters relating to the sentence." As to the latter category, the judge observed that, while "counsel attempted to fit the 'sentencing' grounds under rule 30(a), there was only a very limited basis for such a contention." This limited basis, the judge determined, related to the motion judge's purported misapprehension, at the time of sentencing, that the applicable parole eligibility standards would soon be relaxed by the Legislature.

Even if we assume that the sentence was imposed under a misapprehension of the defendant's parole eligibility date, the

---

[2] The defendant makes no challenge here to that ruling.

sentence was not subject to correction under Mass.R.Crim.P. 30(a). Rule 30(a) permits a defendant to seek the correction, *at any time*, of an illegal sentence. An "illegal sentence" is one that is in excess of the punishment prescribed by the relevant statutory provision or in some way contrary to the applicable statute. See *United States* v. *Morgan*, 346 U.S. 502, 506 (1954); *Hill* v. *United States*, 368 U.S. 424, 430 (1962); *Green* v. *United States*, 274 F.2d 59, 60 (1st Cir. 1960) (all interpreting Fed.R.Crim.P. 35, from which Mass.R.Crim.P. 30(a) is drawn in part). See also Reporters' Notes to Mass.R.Crim.P. 30(a), Mass. Ann. Laws, Rules of Criminal Procedure at 482-483 (1979); Smith, Criminal Practice and Procedure § 2061 (2d ed. 1983). In *Hill* v. *United States*, 368 U.S. at 430, the Supreme Court held that:

> "the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence*, not to reexamine errors occurring at the trial. . . . The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes . . . nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." (Emphasis original.)

As in *Hill*, the punishment imposed in this case was not in excess of or contrary to the applicable statutory provision (G. L. c. 265, § 26). In short, the defendant's motion falls outside the scope of rule 30(a). Compare *Commonwealth* v. *Lemay*, 11 Mass. App. Ct. 992, 993 (1981) (rule 30 relief is inappropriate where sentencing judge has not "misapprehended his power" with respect to available sentences); *United States* v. *Lewis*, 392 F.2d 440, 441, 442 (4th Cir. 1968) (where judgment had been purportedly made under a "mistaken impression" that the relevant statute required pronouncement of the maximum term, the sentence might have been modified as one "imposed in an illegal manner" not as an illegal sentence); *United States* v. *Hairston*, 560 F. Supp. 481 (S.D. Ohio 1983) (sentences based upon "arguably faulty estimates" of defend-

ant's parole release dates not "illegal"). The issues raised by the defendant's motion, namely that the sentence was "illegally imposed" and inequitable, should have been raised in a motion filed under Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979). It is plain that the instant motion was filed under rule 30(a) because the time restrictions of rule 29(a) could not be complied with. See *Commonwealth* v. *Layne*, 386 Mass. 291, 297 n.4 (1982).

*Order allowing motion to revise and revoke sentence reversed.*