COMMONWEALTH *vs.* DAVID PROULX. March 4, 1987. *Homicide. Practice, Criminal*, Double jeopardy, Mistrial, Conduct of prosecutor, Instructions to jury. *Constitutional Law*, Double jeopardy. *Evidence*, Photograph.

The defendant was tried twice on an indictment charging murder in the second degree of Tanya Parker, a two year old child, on December 21, 1982. The first judge allowed the defendant's motion for a mistrial, the jury having heard testimony from the Commonwealth's expert witness that the judge thought improper and incurably prejudicial. He implicitly denied a motion in the alternative to dismiss and instead sent the case back to the assignment session for retrial. After the second judge denied the defendant's renewed motion to dismiss the indictment (based expressly on the ground of double jeopardy), a jury found the defendant guilty as charged.

On appeal, the defendant argues the double jeopardy point at length. His contention is two-fold; first, that the prosecutor intended to abort the first trial through "egregious [and] wilful contamination of the jury by patently inadmissible evidence" and, as a result, retrial is barred by the principles expressed in *Oregon* v. *Kennedy*, 456 U.S. 667 (1982); and second, that the evidence offered at the first trial was insufficient to warrant a rational jury in finding guilt and that the principles expressed in *Berry* v. *Commonwealth*, 393 Mass. 793, 797-799 (1985), bar retrial. On the first point: the testimony in question was that of an expert witness on battered

child syndrome, Dr. Eli Newberger, whose profile of typical child abuse patterns included elements particularly pertinent to this case (e.g., that the abuse is generally inflicted on a child of age four or under by a parent or caretaker; that December, and the week before Christmas in particular, is the time of highest incidence; that the parents frequently lie about what happened when they take battered children to the hospital; and that mothers are apt to cover up for a boyfriend who caused the injury). The testimony that most concerned the judge was as to Dr. Newberger's observations of Tanya's older sisters playing with dolls: the male dolls repeatedly struck the female dolls. In one instance a male doll was sent to bed for "breaking Tanya's eye." The sisters, Dr. Newberger testified, were afraid of men. The judge felt that the prosecutor had failed to give fair warning that the doctor's testimony would go beyond the manner of death (battered child syndrome), which would clearly be admissible (*Commonwealth* v. *Labbe*, 6 Mass. App. Ct. 73, 77 [1978]), to the question of which parent figure was more likely to have been responsible for the fatal injury. The judge did not rule the testimony inadmissible, and it is not clear that it was inadmissible. There is authority in other jurisdictions rejecting evidence of the typical profiles of battering parents, see *Sanders* v. *State*, 251 Ga. 70, 75-76 (1983); *State* v. *Loebach*, 310 N.W.2d 58 (Minn. 1981), but the area is one of first impression in Massachusetts. It is similarly unclear that the clinical observations of Tanya's sisters (four and six years old, approximately) playing with dolls were inadmissible as hearsay. We need not rule on either point. The decisive factor is that nothing in the record would support an inference that the prosecutor was attempting to provoke a mistrial. The prosecutor argued against that result. On far more suggestive records courts have declined to draw inferences of such an intent. See *United States* v. *Mitchell*, 736 F.2d 1299 (9th Cir. 1984), cert. denied sub nom. *Patterson* v. *United States*, 474 U.S. 830 (1985); *Pool* v. *Superior Court*, 139 Ariz. 98, 106-108 (1984); *State* v. *Chase*, 335 N.W.2d 630, 632 (Iowa 1983); *Bell* v. *State*, 286 Md. 193, 205-207 (1979); *Commonwealth* v. *Clark*, 287 Pa. Super. 380, 394-398 (1981). The defendant does not argue that he was irremediably prejudiced so that he never could be fairly tried. Compare *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 311-312 (1984); *Commonwealth* v. *Murchison*, 392 Mass. 273, 276 (1984); *Commonwealth* v. *Cronk*, 396 Mass. 194, 198-200 (1985). On the second point: *Berry* v. *Commonwealth*, *supra*, might apply, as the defendant argues it should, to a mistrial on grounds other than a hung jury; but it does not extend to a case where, as here, the mistrial is declared prior to the close of the Commonwealth's evidence. The *Berry* case does not deprive the Commonwealth of " 'one complete opportunity to convict those who have violated its laws.' " 393 Mass. at 797, quoting from *Arizona* v. *Washington*, 434 U.S. 497, 509 (1978). Compare *Commonwealth* v. *Brusgulis*, 398 Mass. 325, 333 n.15 (1986). Even if the Commonwealth had closed its case, the evidence it had introduced prior to the testimony of Dr. Newberger was ample to warrant

a finding of guilt under the standard of *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). Neither judge erred in denying the motion to dismiss the indictment prior to the second trial.

The defendant's contention that the evidence was insufficient seems to be rooted in an assumption that the jury had no rational basis for concluding that the fatal blow to Tanya's head (said by medical witnesses to be nonaccidental and to have resulted from a blow with the force of a baseball bat or a swinging by the heels, bashing the head on a solid object) was inflicted during the ten-minute period during which the defendant was alone with Tanya. The older daughter Jamie corroborated the mother's testimony that Tanya was playing normally when Jamie and the mother left to go to school. When the mother returned a few minutes later Tanya was unconscious and could not be revived. The defendant had been the only adult present at the time. There was abundant evidence from independent sources (babysitters) that the defendant often struck Tanya with hard blows, either for no reason or for discipline. One of the sitters was approached by the defendant four days after Tanya was hospitalized to ask that she respond to any police inquiries by saying that she had never seen the defendant strike Tanya. On all the evidence the jury could properly draw the inference that the fatal blow had been inflicted during the ten-minute period when the defendant was alone with Tanya. Contrast *Berry* v. *Commonwealth*, 393 Mass. at 796, where there was held to be no basis for finding which of two adults inflicted the fatal blow.

The remaining points argued are without merit. 1. The postmortem photograph of Tanya was relevant (and was used) to illustrate medical testimony concerning the significance of certain bruises on her body. The photograph is not gruesome. See *Commonwealth* v. *Nadworny*, 396 Mass. 342, 366-367 (1985), cert. denied, 477 U.S. 904 (1986), and cases cited. 2. Most of the prosecutor's closing argument was well within bounds of propriety. The use of the phrase, "The defendant·wants you to believe," was not burden-shifting; in context it referred to interpretations of the evidence advanced by defense counsel in argument. There were two instances of attributing testimony to a wrong witness (not, as the defendant contends, arguing from facts not in evidence); these were harmless and apparently inadvertent. Thanking the jury for their undivided attention on behalf of "[the Commonwealth,] the Court, and society in general" was a rhetorical flourish which merits neither approbation nor reversal. Two references were reprehensible: one which we read as tending to vouch for the mother's testimony, and one which referred, vaguely, to documents "that you [the jury] will not, unfortunately, have with you . . . ." The Commonwealth argues that the last reference was to documents marked for identification but not put in evidence; but in context the statement did not readily suggest that thought. Neither reference was the subject of an objection. They did not, in our view, create a substantial risk of a miscarriage of justice. 3. If the judge's original instructions on the element of malice contained a passage

which, read in isolation, could mislead the jury (for the reason stated in *Commonwealth* v. *Collett*, 17 Mass. App. Ct. 913, 914 [1983]), it was not thought sufficiently serious to draw an objection by trial counsel. Taken as a whole, the original instruction should not have been misunderstood; but, in any event, the judge's reinstruction on the concept of malice (in response to an inquiry by the jury) was clear and correct. There is no likelihood of a miscarriage of justice.

*Judgment affirmed.*

*Judith Farris Bowman* for the defendant.
*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.