COMMONWEALTH vs. ROBERT M. LAYNE.

No. 87-317.

Suffolk.   September 14, 1987. — October 13, 1987.

Present: GRANT, SMITH, & WARNER, JJ.

*Practice, Criminal,* Sentence.

Where, on the record of proceedings on the Commonwealth's motion under
Mass.R.Crim.P. 42 for correction of a criminal sentence, it could not
be determined whether the judge was acting permissibly under that rule
to correct a clerical error or whether he was attempting an impermissible
revision of the sentence, the defendant was entitled to an order denying
the motion. [5]

INDICTMENT found and returned in the Superior Court De-
partment on February 11, 1982.

A motion for correction of sentence was heard by *Thomas
R. Morse, Jr., J.*

*Robert L. Sheketoff* for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney (*David
B. Mark,* Assistant District Attorney, with him) for the Com-
monwealth.

GRANT, J. The question raised by the defendant's appeal is
whether the trial judge, by an order entered on April 4, 1986,
acted properly under Mass.R.Crim.P. 42, 378 Mass. 919
(1979), to correct a clerical mistake in the record of a sentence

he had imposed on the defendant on December 24, 1982, on Suffolk indictment no. 038513 or whether the judge, acting in light of subsequent events, has attempted an untimely exercise of the separate and distinct power to revise sentences which is now found in Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979). See *Bolduc* v. *Commissioner of Correction,* 355 Mass. 765, 767 (1969); *Aldoupolis* v. *Commonwealth,* 386 Mass. 260, 268, 271-276, cert. denied sub nom. *Savoy* v. *Massachusetts,* 459 U.S. 864 (1982).

The following is a summary of the salient features of the sentencing and commitment as they appear from the transcript of the 1982 hearing on disposition and from the original papers in no. 038513. The prosecutor recommended some form of from and after sentence. Defense counsel had no objection to such a sentence but remarked that "[i]t's hard to know what we are giving a from and after sentence from." He directed the judge's attention to the decision in *Commonwealth* v. *Layne,* 386 Mass. 291 (1982), concerning the defendant's previous (Worcester) sentences and advised the judge that there were further questions concerning those sentences which were not finally resolved until the decisions in *Commonwealth* v. *Layne,* 18 Mass. App. Ct. 1103 (1984), and *Commonwealth* v. *Layne,* 21 Mass. App. Ct. 17 (1985). The judge halted the proceedings long enough to read the decision in the 1982 *Layne* case. As the Worcester sentences were consecutive rather than concurrent, there was an obvious need for specificity in identifying the particular sentence or sentences after which any new sentence would commence. Contrast *Carlino* v. *Commissioner of Correction,* 355 Mass. 159, 160-161, 162 (1969).

It was in light of the foregoing that an experienced trial judge said (according to the transcript of the hearing) that the sentence he would impose on no. 038513 would be "served from and after the sentence [singular] that he is now serving." The clarity of that language was immediately clouded by an explanation that "[t]hat does not make it from and after *any* sentence which he may be required to serve" (emphasis supplied). It will be noted that the judge's language, whatever its intended meaning, was in sharp contrast with the specific language recommended in *Henschel* v. *Commissioner of Cor-*

*rection,* 368 Mass. 130, 133 (1975), for use when a judge intends a new sentence to commence after all sentences previously imposed, namely, "from and after the expiration of all previous sentences which the defendant has been ordered to serve."

The language of the sentence was immediately reflected in the minutes of the session clerk ("from and after sentence [singular] defendant is now serving at MCI Walpole") and was duly embalmed in the mittimus issued on the day of sentence ("to take effect from and after a sentence [singular] said defendant is presently serving at . . . Walpole"). The language found its way onto the docket as "[f]rom and after sentence [singular] defendant is now serving December 24, 1982 at M.C.I. Walpole." So matters rested until 1986, when the Department of Correction raised a question as to the expiration date of the 1982 sentence and the Commonwealth filed the present motion to "[c]orrect [c]lerical [e]rror [p]ursuant to Mass.R.Crim.P. 42."

The stated basis of the motion is that the 1982 sentence did not express the judge's intention that the sentence "run from and after all the Worcester sentences the defendant was to serve, not simply from and after the Worcester sentence he was then serving." That theme was echoed by the Commonwealth in its first memorandum submitted in support of the motion and at the hearing held on April 2, 1986.[1] During the course of that hearing the judge said, "I think I intended sentences" [plural];[2] elsewhere he spoke of "my intent." Although the judge's intention at the time of sentencing might have been a relevant consideration on a timely motion by the defendant (not the Commonwealth) to revise or revoke the sentence in proceedings under Mass.R.Crim.P. 29(a), the judge's intention at that time was irrelevant to a motion under Mass.R.Crim.P. 42 to correct a "clerical mistake . . . arising from oversight or

---

[1] The argument as to intention is perpetuated in the Commonwealth's brief before us.

[2] The meaning of this statement is unclear because the Worcester sentences were consecutive and the defendant could not have been serving more than one of them on December 24, 1982.

omission" in recording the sentence actually pronounced or ordered by the judge. Were it otherwise, every sentence would be subject to change at any time if the judge who imposed it could be persuaded by one of the parties that what he had said on an earlier occasion did not reflect what he had meant. Compare *Commonwealth* v. *Layne,* 21 Mass. App. Ct. at 18-20 (judge's intention or expectation as to effect of sentence irrelevant to question whether relief from sentence can be granted under Mass.R.Crim.P. 30[a], 378 Mass. 900 [1979]).

In his memorandum and order of April 4, 1986,[3] the judge said that the sentence "as recorded by the [c]lerk . . . was not what I said. It is entirely apparent from the colloquy prior to sentencing that such a sentence [as that recorded] would be meaningless."[4] The judge made no finding as to what he had in fact said. The latter part of the foregoing, when read in light of the judge's remarks as to his "intent," gives rise to doubt whether the judge was explaining the reason for his belief that the clerk had not recorded what he (the judge) had said or whether the judge was reconstructing his intention at the time of the hearing on disposition. But what the judge had to say about the actions of the clerk does not account for the fact that the stenographer at the hearing on disposition apparently heard the judge say, "From and after the sentence [singular] that he is now serving" and nothing more except, "That does not make

---

[3] The order purported to "correct" the sentence to read as follows: "M.C.I. Walpole — Max 7 years — Min. 5 years from and after the sentence the defendant is now serving and the sentences imposed on the defendant and which he is waiting to serve as of December 24, 1982." It would appear that the judge did not quarrel with the fact that his first use of the word "sentence" had been in the singular.

[4] The sentence would not have been meaningless. It would have had the meaning attributed to it by the Department of Correction and advocated by the defendant, namely, that the new sentence would be served concurrently with the third of the nine to ten year Worcester sentences which the defendant had previously been ordered to serve. Once that is understood, the judge's remark comes through as additional evidence of a mistake on his part rather than a mistake in the record.

it from and after any sentence which he may be required to serve."[5]

After careful consideration of a confusing record we find ourselves unable to determine whether the judge, in acting on the Commonwealth's motion, (A) was engaging in a permissible correction of a clerical error on the part of the clerk in recording the sentence actually ordered or (B) was engaging in an impermissible revision of a sentence which was not in accord with his present recollection of his intention at the time of sentencing. In such circumstances, the defendant is entitled to the benefit of the doubt. Compare *Stewart* v. *Commissioner of Correction,* 16 Mass. App. Ct. 57, 61 (1983).

Accordingly, the order entered on April 4, 1986, on Suffolk indictment no. 038513 is reversed; the mittimus issued on that date is quashed; a new order is to enter denying the Commonwealth's motion to "correct" the record; and the mittimus issued on December 24, 1982, is to be reinstated.

*So ordered.*

---

[5] The Commonwealth does not appear to have made any motion to correct the transcript under Mass.R.A.P. 8(e), as appearing in 378 Mass. 934 (1979).