COMMONWEALTH *vs.* JOHN MELO.

No. 04-P-1606.

Middlesex. October 12, 2005. - March 6, 2006.

Present: ARMSTRONG, C.J., COHEN, & TRAINOR, JJ.

*Practice, Criminal,* Mittimus, Sentence.

A Superior Court judge erred in allowing a criminal defendant's motion to correct the mittimus, based on his claim that the Department of Correction (DOC) had miscalculated the length of his sentence because it had failed to credit one day for each February 29 ("leap year" day) he had served to date, where the defendant was sentenced to a term of years, not a term of days [675], and where the defendant should have sought a declaratory judgment to challenge DOC's calculation of his sentence [675-677].

INDICTMENTS found and returned in the Superior Court Department on March 1, 1995.

The cases were tried before *Martha B. Sosman,* J., and a motion to correct the mittimus was heard by *Regina L. Quinlan,* J.

*Lori A. Benavides,* Assistant District Attorney, for the Commonwealth.

TRAINOR, J. In January and February, 1997, the defendant, John Melo, was tried and convicted of the crimes of home invasion, assault and battery by means of a dangerous weapon, and armed assault in a dwelling house.[1] He was sentenced to a term of ten years to ten years and one day on the home invasion conviction and to a concurrent term of four to six years on the armed assault in a dwelling house conviction. The defendant was also sentenced to five years probation for each of the three convictions of assault by means of a dangerous weapon, to be served concurrently on and after the completion of his State prison sentence.

---

[1]This court affirmed the defendant's convictions in December, 1998. *Commonwealth* v. *Luna,* 46 Mass. App. Ct. 90 (1998).

In August, 2004, the defendant filed a motion in the Superior Court to correct the mittimus. He complained that the Department of Correction (DOC) had miscalculated the length of his sentence because it had failed to credit one day for each February 29 ("leap year" day) he had served to date.[2] The defendant's motion was allowed. Subsequent to the denial of its motion for reconsideration, the Commonwealth appealed from the judge's order.

*The length of the sentence.* The defendant argues that the policy and practice of the DOC not to recognize and credit the additional day in a "leap year" is incorrect. He argues that a "year," as imposed by the sentence of ten years to ten years and one day, consists of 365 days each, not the 366 days contained in a leap year.

The Legislature, however, has defined a "year" as a calendar year, not as a compilation of 365 days. General Laws c. 4, § 7, Nineteenth, reads:

> "In construing statutes the following words shall have the meanings herein given, unless a contrary intention clearly appears:
>
> ". . .
>
> " 'Month' shall mean a calendar month, except that, when used in a statute providing for punishment by imprisonment, one 'month' or a multiple thereof shall mean a period of thirty days or the corresponding multiple thereof; *a 'year', a calendar year*" (emphasis supplied).

The DOC is required to calculate sentences in accordance with G. L. c. 4, § 7, Nineteenth. The Legislature has defined the term "year," and the DOC must apply the language of the statute in calculating judicially imposed sentences. Simply stated, the defendant was sentenced to a term of years, not to a term of days or months, and a calendar year is one year of the defendant's sentence regardless of the number of days which comprises any particular year.

*The propriety of the defendant's motion.* The Commonwealth

---

[2]Specifically, the defendant wanted two additional days of jail credit for February 29, 2000, and February 29, 2004.

contends that a motion to correct the mittimus is not the appropriate procedure to challenge the DOC's calculation of a sentence. The Commonwealth argues that the defendant has made no claim concerning the correctness of the mittimus, nor does he dispute the calculation of the time he served awaiting trial. See G. L. c. 279, § 33A. See also *Commonwealth* v. *Morasse*, 446 Mass. 113, 115 (2006).

Rule 42 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 919 (1979), provides a procedure to correct clerical errors in court judgments or records of an otherwise legal sentence imposed by a judge: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party. . . ." See *Commonwealth* v. *Layne*, 25 Mass. App. Ct. 1, 3 (1987). The defendant, however, did not claim that any documents or records of the court were in error. Instead, he makes a substantive claim concerning the meaning of the word "year" as used in the judge's imposition of sentence. See Smith, Criminal Practice and Procedure § 2466 (2d ed. 1983).

Rule 30(a) of the Massachusetts Rules of Criminal Procedure, as appearing in 435 Mass. 1501 (2001), would permit the defendant to seek relief from an illegal sentence. "An 'illegal sentence' is one that is in excess of the punishment prescribed by the relevant statutory provision or in some way contrary to the applicable statute." *Commonwealth* v. *Layne*, 21 Mass. App. Ct. 17, 19 (1985). This rule provides no relief to a defendant whose sentence was legally imposed but the term of which had been miscalculated by the DOC. The defendant has never claimed that his sentence was illegally imposed. See Smith, *supra* at § 2061. There is no other rule of criminal procedure that would be applicable to this situation.

A prisoner may, however, use either habeas corpus or declaratory judgment procedures to challenge the DOC's calculation of a sentence. The Supreme Judicial Court has held that "a prisoner who could show an entitlement to immediate release could invoke a judge's discretionary power . . . to issue a writ of habeas corpus. . . . [W]hen a prisoner was not entitled to im-

mediate release and thus could not state a claim for a writ of habeas corpus, he could still avail himself of the declaratory judgment procedures set out in G. L. c. 231A to resolve a controversy which had arisen concerning the execution of his sentence." *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham*, 386 Mass. 848, 850-851 (1982). Since the defendant would not have been entitled to immediate release even if he had prevailed on his claim, he should have availed himself of the declaratory judgment procedure, where the judge would have made a declaration of the rights of the parties. See *Cordeiro* v. *Commissioner of Correction*, 37 Mass. App. Ct. 690, 690 n.2 (1994). He did not do so.

*Conclusion.* It was error, both procedurally and subtantively, for the judge to allow the defendant's motion to correct the mittimus. Procedurally, the defendant should have sought a declaratory judgment to challenge the DOC's calculation of his sentence. Substantively, the defendant was sentenced to a term of years, not to a term of days. The motion should not have been allowed.

> *Order allowing motion to correct mittimus reversed.*