The defendant, David Proulx, was convicted of the forcible rape of a child, G. L. c. 265, § 22A, by a Superior Court judge after a jury-waived trial on July 2, 1980. The defendant now appeals from the order denying his second motion for a new trial, filed thirty-seven years after his conviction. Concluding the defendant's arguments are either waived or without merit, we affirm.
1. Background. At approximately 1:00 A.M. on June 8, 1979, the fifteen year old victim was walking alone on a street in Lawrence when she encountered the defendant, with whom she was familiar. The defendant grabbed the victim and dragged her into a nearby house. He slapped the victim, pushed her into an empty room and tore off her clothes, then pulled down his pants and penetrated her vaginally as she kicked and screamed. As soon as the defendant let her go, she reported the incident to a friend and telephoned the police.
The defendant was convicted of forcible rape of a child. The trial judge imposed a fifteen-year sentence at the Massachusetts Correctional Institution at Concord, and the defendant did not appeal. The defendant was released on parole and, in December, 1982, murdered his girl friend's two year old daughter and was sentenced to life in prison, with the possibility of parole, for murder in the second degree. See Commonwealth v. Proulx, 23 Mass. App. Ct. 985, 985 (1987) ; Commonwealth v. Proulx, 61 Mass. App. Ct. 454, 455 (2004). Almost fourteen years after his rape conviction and while incarcerated on the murder conviction, the defendant filed a motion for a new trial in the rape case on June 15, 1994. It was denied, and twenty-three years later the defendant filed a second motion for postconviction relief on July 31, 2017. A different judge likewise denied the motion, and this appeal followed.
2. Waiver. "A defendant generally may not raise any ground in a motion for a new trial that could have been, but was not, raised at trial or on direct appeal." Commonwealth v. Chase, 433 Mass. 293, 297 (2001). Such grounds are waived and may be considered only in "those extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might otherwise result." Commonwealth v. Roberts, 472 Mass. 355, 359 (2015), quoting from Commonwealth v. Watson, 409 Mass. 110, 112 (1991). Accord Commonwealth v. Watkins, 433 Mass. 539, 547-548 (2001) (defendant's failure to bring constitutional claim available on direct appeal waived argument on motion for new trial). This is not such an extraordinary case.
The defendant here could have asserted his claims of inadequate jury waiver colloquy, ineffective assistance of counsel, absence from a pretrial conference, improper witness testimony, and improper questioning by the trial judge on direct appeal from his conviction or in his first motion for a new trial, but he did not do so. The claims, therefore, are waived. See Commonwealth v. Balliro, 437 Mass. 163, 166 (2002).
Moreover, we discern no miscarriage of justice. The record suggests that the defendant likely saw no benefit to a direct appeal of his forcible child rape conviction given the nature of the case and the lenient sentence he received. It was only after he was convicted of murdering a child -- and faced the remainder of his fifteen-year sentence should he be paroled from the murder sentence -- that the defendant raised any complaint about his trial. Without any explanation and punctuated by the defendant's subsequent murder conviction, the fourteen-year and thirty-seven-year delays between his rape conviction and the motions for a new trial rebut his claims of injustice. Accord Commonwealth v. Thurston, 53 Mass. App. Ct. 548, 552 (2002) ("The defendant's almost decade-long -- and entirely unexplained -- delay in bringing his motion was a circumstance particularly engendering disbelief" on claim defendant believed he had pleaded guilty to serve only two years despite waiting over nine years in prison to move for new trial). Accordingly, the motion judge properly denied the defendant's claim on the basis of waiver.
3. Perfunctory review. The motion judge could properly deny the motion based solely on the defendant's affidavit. See Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015) ("The primary purpose of Mass.R.Crim.P. 30 [c][3][, as appearing in 435 Mass. 1501 (2009),] is to encourage the disposition of motions for postconviction relief on the basis of affidavits alone"). Moreover, the judge was not required to credit the defendant's self-serving affidavit, see Commonwealth v. McWilliams, 473 Mass. 606, 621 (2016), nor did the defendant's waived arguments raise a substantial issue to merit a hearing. See Vaughn, supra at 404-405. There was no error.
4. Parole eligibility. The defendant's complaints about the calculation of his parole eligibility date are not properly brought in a motion for a new trial. Such questions may be adjudicated only as a petition for writ of habeas corpus or as a declaratory judgment action against the Department of Correction (DOC) or the Parole Board, filed in a civil session with service to those parties. See Commonwealth v. Melo, 65 Mass. App. Ct. 674, 676 (2006) (defendant must "use either habeas corpus or declaratory judgment procedures to challenge the DOC's calculation of a sentence"). Accord Durham v. Massachusetts Parole Bd., 382 Mass. 494, 494-495 (1981) (prisoner challenged parole eligibility nonaggregation policy in civil suit against Parole Board); Hamm v. Commissioner of Correction, 29 Mass. App. Ct. 1011, 1011 & n.1 (1991) (prisoner challenged parole eligibility aggregation policy in civil suit against Parole Board and Commissioner). Because the defendant took no such action, and the prosecutor is not in a position to defend the actions of the Parole Board and the DOC, the defendant is not entitled to relief in this forum. Accord Melo, supra at 677 (reversing allowance of motion to correct sentence where defendant "should have sought a declaratory judgment to challenge the DOC's calculation of his sentence").
Order dated August 3, 2017, affirmed.