NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-758

COMMONWEALTH

vs.

GAETAN THIBAULT.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order of a District Court judge correcting the record of the defendant's conviction of operating a motor vehicle while under the influence of alcohol (OUI) to a continuance without a finding (CWOF).  The Commonwealth argues that the motion judge abused his discretion because there was no evidence that the defendant was not convicted of the offense.  We vacate the order and remand the matter for further consideration.

---

[1] The defendant did not file a brief or participate in this appeal.

Background.  A copy of the docket sheet reflects the following.[2]  On July 14, 1995, a complaint issued in the District Court charging the defendant with OUI, a marked lanes violation, and speeding.  He pleaded not guilty to the OUI charge and not responsible for the civil infractions.  On July 28, 1995, the defendant entered a new plea to the charges.  For the OUI charge, a box labeled "Admits suff. facts" was checked.  A "G" was written in the box labeled "FINDING."  A box labeled "Cont. w/o finding until:" was also checked, but no date was written in the space provided.  Under the box labeled "IMPRISONMENT AND OTHER DISPOSITION," the docket reflects, in relevant part, that the defendant received a disposition of "Prob To c. 90 § 24D to 7/28/96 lic SS 45."  This would appear to reflect a sentence of one year of probation with a license suspension for forty-five days.  See G. L. c. 90, § 24D.  The defendant was also found responsible for the civil infractions.  A docket entry dated August 1, 1996, states "Probation Terminated," and reflects that the defendant was "discharged."

Nearly thirty years later, on April 3, 2024, the defendant filed a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), arguing that the

_____

[2] The defendant's counsel obtained a copy of the docket sheet from the clerk's office via e-mail message.  As noted infra, the original docket and paperwork were subsequently lost.

2

conviction on his criminal offender record information (CORI) report contradicted the findings on the docket sheet, which he claimed reflected "a disposition that did not result in a conviction." In support of his motion, the defendant submitted an affidavit averring that on the date he changed his plea, he "admitted to Facts Sufficient to Warrant a Guilty Finding."[3] The defendant also submitted a copy of his CORI report as an exhibit to his motion.[4] That record reflects a disposition type as "CONVICTION" and a "Court Disposition" as guilty with probation ("G PROB"). The Commonwealth opposed the defendant's motion, and in its opposition, explained that the original file for the defendant's case could not be found.

On May 15, 2024, the motion judge, who was not the plea judge, held a nonevidentiary hearing on the defendant's motion for a new trial. During the hearing, the clerk stated that the clerk's office had the original docket sheet, but at some point "[t]he original was lost." A probation officer similarly informed the judge that the probation department had a duplicate copy of the docket sheet. At the hearing, defense counsel argued, inter alia, that the "docket sheet is inconclusive,"

---

[3] The defendant also averred that he discovered the conviction when his application to renew his license to carry a firearm was denied on that basis.

[4] The defendant did not file the CORI report as an impounded exhibit.

that the "CARI [court activity record information] indicates there's no doubt that [the defendant's] been a good citizen since 1995," and asked that the defendant "be given the benefit of the doubt here." He further stated that when the defendant "reapplied for [a gun] license," he was denied based on the OUI conviction.

The motion judge later denied the defendant's rule 30 (b) motion, concluding that "no evidence was presented regarding the validity of the plea," and that the Commonwealth would be "severely prejudiced" by the allowance of the motion. Nevertheless, the motion judge found that "the proper docket entry is a CWOF and not a guilty conviction," and ordered, sua sponte, that the docket be corrected to reflect a CWOF pursuant to Mass. R. Crim. P. 42, 378 Mass. 919 (1979). The motion judge further ordered that the probation department amend the defendant's criminal record. The Commonwealth appeals.

Discussion. Pursuant to Mass. R. Crim. P. 42, "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." See Commonwealth v. Melo, 65 Mass. App. Ct. 674, 676 (2006) (rule 42 "provides a procedure to correct clerical errors in court judgments or records of an otherwise legal

4

sentence imposed by a judge").  "Such mistakes, however, do not include or apply to the correction of errors of substance." Commonwealth v. Miranda, 415 Mass. 1, 5 (1993).  We review a judge's decision to correct the record under rule 42 for an abuse of discretion.  See Commonwealth v. Dias, 385 Mass. 455, 460 n.9 (1982).  See also L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

In the present case, we disagree with the Commonwealth's contention that the record did not contain a clerical error. See Reporter's Notes to Rule 42, Massachusetts Rules of Court, Rules of Criminal Procedure, at 223 (Thomson Reuters 2025) ("[e]rrors which may be corrected pursuant to this rule must arise out of 'misprisions, oversights, omissions, unintended acts or failures to act,' . . . and not result from deliberate action").  Where the docket contained a "G" finding for "guilty" and a disposition of "probation," but also a checkmark reflecting a CWOF, at least one of the notations was a clerical error.  See Miranda, 415 Mass. at 5 ("[m]aterial or substantial errors are not ones of transcription, copying, or calculation, but are those that trample the defendant's rightful expectations").  Contrast Melo, 65 Mass. App. Ct. at 676 (no clerical error involved where defendant "did not claim that any documents or records of the court were in error").

5

On this record, however, we agree with the Commonwealth that there was no basis for the motion judge to conclude that the defendant's conviction was the clerical error. During the nonevidentiary hearing, the judge stated, "I don't know what the plea bargain was. I have no idea." Although the defendant averred that he "admitted to Facts Sufficient to Warrant a Guilty Finding," he did not aver that he in fact received a CWOF. See Commonwealth v. Bartos, 57 Mass. App. Ct. 751, 756 (2003) ("[a]n admission to sufficient facts followed by a continuance without a finding is not a conviction under Massachusetts law" [citation omitted]). Nor did the defendant supplement the docket with any evidence that he received a CWOF, and the 2023 CORI report reflected a disposition of "G PROB." Cf. Commonwealth v. Lopez, 426 Mass. 657, 664-665 (1998) ("a collateral challenge, like the defendant's, to a prior conviction by guilty plea, if the challenge is to advance at all, must be accompanied by sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid"). The omission of any averment, much less any evidence, that the defendant received a CWOF is glaring. While the judge reasoned that the defendant "would have been entitled to the benefit of a CWOF," it is speculative to conclude that the "G" finding was a clerical error. In this regard, we note that the Reporter's Notes to rule 42 state that it is substantially

6

identical to Mass. R. Civ. P. 60 (a), 365 Mass. 828 (1974), which "seeks to ensure that the record of judgment reflects what actually took place."  Reporter's Notes to Rule 60 (a), Massachusetts Rules of Court, Rules of Civil Procedure, at 87 (Thomson Reuters 2025).  In this case, where the docket sheet contained contradictory evidence regarding the disposition received by the defendant, the motion judge abused his discretion in determining, without more, that the record of judgment did not reflect what actually took place.  See Reporter's Notes to Rule 42.

We also note that the judge fashioned the remedy in this case after holding a nonevidentiary hearing on the defendant's motion for a new trial.  While a judge may exercise discretion to correct the record sua sponte, where the Commonwealth was responding to a motion brought under a different vehicle, i.e., rule 30, the Commonwealth should have been provided with an opportunity to address the issue.  This is especially so where it was not clear from the record what the clerical error was. Cf. Commonwealth v. Layne, 25 Mass. App. Ct. 1, 5 (1987) (vacating order to "correct" mittimus when it was unclear if judge was correcting clerical error or impermissibly revising defendant's sentence).  As mentioned supra, the record includes several indicia that reflect a conviction:  the "G" written on the docket in the box labeled "FINDING"; the docket entry that

7

the defendant's "probation" was terminated and he was "discharged," rather than the case being dismissed; and the fact that the disposition was transmitted to the Department of Criminal Justice Information Services (formerly the Criminal History Systems Board) as a conviction, as reflected on the defendant's CORI report.

Accordingly, we vacate the order correcting the record of the defendant's conviction. We remand the matter to the

District Court for further proceedings consistent with this decision.[5]

So ordered.

By the Court (Neyman, Shin & Wood, JJ.[6]),

Clerk

Entered:  August 4, 2025.

---

[5] To the extent that further proceedings under rule 42 may be held, evidentiary or otherwise, the defendant has the burden to demonstrate that the present record contains a clerical error or is otherwise incorrect.  See, e.g., Commonwealth v. Mattos, 404 Mass. 672, 677 (1989) ("the docket and minutes of the clerk are prima facie evidence of the facts recorded therein" but may be "supplemented, or even rebutted, by other evidence" [citation omitted]).

[6] The panelists are listed in order of seniority.

9