## COMMONWEALTH *vs.* LEONARDO LUCRET.

No. 01-P-981.

Essex. December 19, 2002. - July 30, 2003.

Present: GREENBERG, KASS, & COHEN, JJ.

*Youthful Offender Act. Practice, Criminal,* Sentence. *Statute,* Construction.

Discussion of the sentencing options prescribed for youthful offenders as part of the Legislature's 1996 revision of the juvenile justice system, St. 1996, c. 200. [625-626]

This court concluded that G. L. c. 119, § 58(*b*), authorized a sentencing judge, upon a youthful offender's violation of parole, to order that the youthful offender's department of youth services' commitment and adult sentence be served either concurrently or consecutively as the situation might warrant, subject, of course, to the overarching requirement that the aggregate combination sentence not exceed the maximum adult sentence provided by law. [626-630]

This court declined to address the claim of a youthful offender that G. L. c. 119, § 58(*b*), was unconstitutionally vague, where the claim was not raised below. [630]

INDICTMENTS found and returned in the Superior Court Department on January 21, 1998.

On transfer to the juvenile session of the Lawrence Division of the District Court Department, proceedings were had before *Michael F. Edgerton,* J., and a motion for postconviction relief, filed on December 19, 2000, was heard by him.

*Estera Halpern* for the defendant.

*Robert J. Bender,* Assistant District Attorney, for the Commonwealth.

COHEN, J. The defendant, a youthful offender, challenges the legality of the combination sentence he received pursuant to G. L. c. 119, § 58(*b*). He appeals from the denial of his motion for postconviction relief, arguing that the statute is ambiguous and unconstitutionally vague, and that the sentence imposed on

him is unlawful. We conclude that there is no such infirmity in the statute, and, accordingly, affirm.

*Background.* Before turning to the particulars of the defendant's case, we describe the statutory scheme under which he was sentenced. General Laws c. 119, § 58(*b*), provides in pertinent part that the court may sentence a youthful offender to "a combination sentence which shall be a commitment to the department of youth services until he reaches the age of twenty-one, and an adult sentence to a house of correction or to the state prison as is provided by law for the offense." The statute also provides that "[t]he adult sentence shall be suspended pending successful completion of a term of probation, which shall include, but not be limited to, the successful completion of the aforementioned commitment to the department of youth services . . . however . . . in no event shall the aggregate sentence imposed on the combination sentence exceed the maximum adult sentence provided by law." G. L. c. 119, § 58(*b*).

The combination sentence provision is one of three sentencing alternatives prescribed for youthful offenders as part of the Legislature's 1996 revision of the juvenile justice system. See St. 1996, c. 200 ("An act to provide for the prosecution of violent juvenile offenders in the criminal courts of the Commonwealth"). See generally Ireland, Juvenile Law § 3 (1993 & Supp. 2002). This legislation was designed "to reduce or to eliminate certain protections previously available to all juvenile offenders in an effort to address growing concern about violent crimes committed by juveniles." *Commonwealth* v. *Connor C.*, 432 Mass. 635, 641 (2000), quoting from *Commonwealth* v. *Clint C.*, 430 Mass. 219, 227-228 (1999). Although "the 1996 amendments reflect a legislative determination that a purely rehabilitative approach directed to all children who engage in any unlawful conduct, no matter how egregious, is no longer desirable," *Commonwealth* v. *Connor C.*, *supra* at 642, by statute, § 58 must "be liberally construed so that . . . as far as practicable, [children] shall be treated, not as criminals, but as children in need of aid, encouragement and guidance." G. L. c. 119, § 53.

The 1996 legislation created a new category of juveniles,

youthful offenders, and a new range of dispositional options as to these offenders. See St. 1996, c. 200, §§ 1, 5. Pursuant to these provisions, if a child is adjudicated a youthful offender on an indictment, the sentencing judge is authorized to employ one of three alternative approaches. See G. L. c. 119, § 58. The judge may impose the punishment an adult could receive for that offense. See G. L. c. 119, § 58(*a*). The judge may commit the youthful offender to the custody of the department of youth services (DYS) until the age of twenty-one. See G. L. c. 119, § 58(*c*). Or the judge may impose a "combination sentence," whereby the youthful offender is committed to DYS until the age of twenty-one and also receives an adult sentence. G. L. c. 119, § 58(*b*).

When a combination sentence is imposed, the adult sentence must be suspended pending the successful completion of a term that includes, but is not limited to, the DYS commitment. See *ibid.* If the youthful offender fails to complete his DYS commitment (and any additional probationary period) successfully, the court may then impose the adult sentence. Alternatively, if the DYS commitment (together with any other suspended portion of the sentence) is successfully completed, the adult sentence can be averted. See Black's Law Dictionary 1368 (7th ed. 1999) (defining a suspended sentence as "[a] sentence postponed so that the defendant is not required to serve time unless he or she commits another crime or violates some other court-imposed condition").

The three alternatives form a continuum: commitment to DYS theoretically being the least severe outcome, and an adult sentence being the most severe.[1] See *Commonwealth* v. *Connor C.*, *supra* at 638 & n.5. The combination sentence represents a middle ground between the two extremes, in that it gives the youthful offender an opportunity to avoid the adult sentence. By affording this possibility, the combination sentence advances the goal that youthful offenders, as far as practicable, be treated as children in need of aid, encouragement and guidance.

We now turn to the defendant's particular situation. On Jan-

---

[1] In practice, of course, the relative severity of these sentencing options can vary. The imposition of a suspended adult sentence, for example, might be less onerous than commitment to DYS.

uary 21, 1998, when he was sixteen years old, the defendant was indicted as a youthful offender, pursuant to G. L. c. 119, § 54, on charges of assault with intent to murder, G. L. c. 265, § 15, "carjacking," G. L. c. 265, § 21A, and assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(*b*). On August 25, 1998, after turning seventeen, he tendered a guilty plea to all three offenses and submitted a proposed disposition: commitment to DYS until the age of twenty-one and a two-year sentence to a house of correction, on and after, to be suspended for two years. See G. L. c. 119, § 58(*b*). The plea was accepted by the court, and each of the three convictions was disposed of as the defendant proposed,[2] the three dispositions to run concurrently.[3]

Less than two years later, the defendant stipulated to a violation of probation based upon a subsequent criminal conviction. After finding that the defendant had violated probation, the judge, who was the plea and sentencing judge in the earlier proceedings, imposed the original sentence; that is, he ordered that the defendant serve two years in a house of correction after completing his commitment to DYS at the age of twenty-one.

The defendant subsequently filed a motion for postconviction relief pursuant to Mass.R.Crim.P. 30(a), as appearing in 420 Mass. 1502 (1995), claiming that his sentence was unlawful. Notwithstanding that he had requested precisely this sentence at the time of his plea, the defendant argued that G. L. c. 119, § 58(*b*), is ambiguous and that, properly construed, the statute mandates that upon revocation, the adult portion of a combination sentence be served concurrently with commitment to DYS. Thus, under the defendant's interpretation of the statute, his commitment on the adult portion of his sentence should have commenced at the time he was adjudicated to be in violation of

---

[2]To comport with the statute, the adult portion of the sentence should have been suspended at least until completion of the defendant's commitment to DYS at age twenty-one, approximately four years after sentencing. The defendant does not raise this point, however, likely because it is of no consequence on the facts presented. As recounted in the text, the defendant violated his probation within two years.

[3]It is worth noting that, in the circumstances of this case, the judge could have accomplished the same result had he given separate sentences on the different charges.

his terms of probation and should not have been deferred until the completion of his commitment to DYS when he reached the age of twenty-one. The motion judge (again, the same judge who had presided over the prior proceedings) denied the defendant's motion, and this appeal followed.

*Discussion.* The defendant contends that the combination sentence provision is ambiguous because it fails to specify whether, if probation is revoked, the commitment to DYS and the adult sentence are to be served concurrently or consecutively. He claims that this alleged ambiguity rises to the level of constitutional infirmity, and that the only way to salvage the statute is to construe it in the manner most favorable to him, i.e., that it requires that the DYS and adult portions of the sentence be served concurrently. We think, however, that far from creating an ambiguity, the absence of a specific directive from the Legislature must be seen as deliberate — reflecting the Legislature's intent to preserve the sentencing judge's well-established discretion to fashion either a concurrent or consecutive sentence, depending upon the circumstances.

"Firmly rooted in common law is the principle that the selection of either concurrent or consecutive sentences rests within the discretion of sentencing judges." Campbell, Law of Sentencing § 9:12 (2d ed. 1991). A "judge is permitted great latitude in sentencing, provided the sentence does not exceed statutory limits." *Commonwealth* v. *Celeste,* 358 Mass. 307, 310 (1970), citing *United States* v. *Latimer,* 415 F.2d 1288 (6th Cir. 1969). So long as statutory limits are not violated, at the original sentencing, a judge can order that sentences be served either concurrently or consecutively, see *Commonwealth* v. *Lykus,* 406 Mass. 135, 145 (1989), citing G. L. c. 279, § 8, subject, of course, to considerations of due process and double jeopardy. See *Morey* v. *Commonwealth,* 108 Mass. 433, 434 (1871).

Although normally the decision whether to impose a "concurrent" or "consecutive" sentence arises when more than one sentence is to be imposed, see Blumenson, Fisher, & Kanstroom, 2 Massachusetts Criminal Practice § 40.6 (1998 & Supp. 2001), we think the same principles are applicable here. That is because even though a combination sentence under G. L. c. 119, § 58(*b*), is a single sentence, it is composed of two distinct parts.

Had the Legislature intended to depart from well-established general principles of sentencing and to require that upon revocation of probation, a youthful offender's DYS commitment and adult sentence run either concurrently or consecutively, it could easily have said so, as it has done in other situations. See, e.g., G. L. c. 94C, § 32J. See also *Commonwealth* v. *Alvarez*, 413 Mass. 224, 232 (1992) (noting that the Legislature made clear that two consecutive sentences must be imposed). Cf. *Resendes* v. *Boston Edison Co.*, 38 Mass. App. Ct. 344, 354 (1995) (declining to infer language omitted by the Legislature, where it is expressly provided elsewhere in the General Laws). Moreover, it is evident from the Legislature's over-all approach to the sentencing of youthful offenders that it intended to give the sentencing judge wide latitude in fashioning a sentence that best serves the needs of the community and the youthful offender. Not only does the statute provide for the three alternative approaches discussed above, it also directs the judge to consider, but not be limited to, a comprehensive list of factors relevant to selecting an appropriate disposition: "the nature, circumstances and seriousness of the offense; victim impact statement; a report by a probation officer concerning the history of the youthful offender; the youthful offender's court and delinquency records; the success or lack of success of any past treatment or delinquency dispositions regarding the youthful offender; the nature of services available through the juvenile justice system; the youthful offender's age and maturity; and the likelihood of avoiding future criminal conduct." G. L. c. 119, § 58.

Consistent with this directive to the judge to select a sentencing alternative that carefully takes into account the specific circumstances of the case, we think that G. L. c. 119, § 58(*b*), plainly authorizes the sentencing judge to order that, in the event of a probation violation, a youthful offender's DYS commitment and adult sentence be served *either* concurrently or consecutively as the situation may warrant, subject, of course, to the overarching requirement that the aggregate combination sentence not exceed the maximum adult sentence provided by

law.[4] It is for the judge to determine, upon consideration of all the salient factors, whether a new offense should result in immediate adult incarceration or whether the adult portion of a combination sentence is best served after the completion of the youthful offender's commitment to DYS. Cf. *Commonwealth* v. *Shea*, 46 Mass. App. Ct. 196, 200 (1999) (emphasizing need for discretion in sentencing of juveniles).

The defendant also claims on appeal that G. L. c. 119, § 58(*b*), is unconstitutionally vague. Because the defendant did not raise this claim below, we need not address it. See *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986) ("a defendant must assert all reasonably available grounds for postconviction relief in his first rule 30 motion, or those claims are lost").

In any event, the argument is defeated because the statute, as we have discussed, is readily decipherable.

*Disposition.* The order denying the defendant's motion for postconviction relief is affirmed.

*So ordered.*

---

[4]In this case, there is no question that the maximum adult penalty for the crimes committed by the defendant far exceeded the aggregate time of his combination sentence.