On October 21, 2011, the defendant pleaded guilty to youthful offender indictments charging him with assault with intent to rape, indecent assault and battery on a person over fourteen years of age, burglary, and larceny from a building.[2] He received a combination sentence pursuant to G. L. c. 119, § 58, of commitment to the Department of Youth Services (DYS) until age twenty-one, and a commitment to State prison for a term of six to ten years, suspended with probation until he reached age twenty-five. A special condition of his probation was to successfully complete his DYS commitment.
In April of 2013, the defendant was released from DYS custody. A few months later in June, the sentencing judge found a probation violation for failing to stay away from the victim's residence, "by driving through an established [e]xclusion [z]one."[3] As a result, the judge modified the defendant's special conditions of probation and ordered him to submit to global positioning system (GPS) monitoring and not to enter the victim's street.
In November of 2014, when the defendant was nineteen years old, he signed a "Grant of Conditional Liberty Agreement" with DYS. Submitting to GPS tracking and keeping the GPS device charged were among the conditions to which he agreed in order to remain at liberty.
In December of 2014, the defendant was charged with violating his probation for a second time. On this occasion, he was alleged to have committed a new crime by failing to report his employment to the Sex Offender Registry Board. Although he was found in violation of probation, the judge reprobated the defendant without further changing his conditions.
In September of 2015, after an evidentiary hearing, a different judge found the defendant in violation of his probation for a third time. On this occasion, the violation was failing to keep his GPS device charged on four occasions. After a sentencing hearing, the judge imposed the previously suspended State prison sentence portion of the defendant's original combination sentence.
1. Imposing the suspended sentence. The defendant claims that the judge's decision to impose the adult portion of his combination sentence was disproportionate to the crimes he committed as a juvenile and contrary to the rehabilitative purpose of the juvenile justice system so as to be arbitrary, capricious, and an abuse of discretion. We disagree.
"Once a juvenile is treated as a youthful offender, he is no longer given the protections and privileges afforded to delinquent children." Commonwealth v. Clint C., 430 Mass. 219, 223 (1999). See Doe v. Attorney Gen. (No. 1), 425 Mass. 210, 212-213 & n.8 (1997). "A 'delinquent child' is subject to essentially rehabilitative penalties and remedies, while a 'youthful offender' is subject to penalties ranging from placement in a DYS facility to adult sentences in the State prison." Commonwealth v. Connor C., 432 Mass. 635, 645 (2000). In Commonwealth v. Mogelinski, 466 Mass. 627 (2013), the court held that "[a]lthough youthful offenders are proceeded against in Juvenile Court, their treatment may, in other respects, resemble that of adult offenders: their court proceedings are not shielded from public inspection; they are eligible for enhanced penalties, including any adult sentence provided for by law; and they can be confined in an adult house of correction or State prison." Id. at 632. See G. L. c. 119, § 58. See also Commonwealth v. Anderson, 461 Mass. 616, 630 (2012) ("[A]djudication of a juvenile as a youthful offender subjects him to more severe penalties, including State prison sentences").
A judge has discretion to determine whether a violation of probation has occurred, and if a violation is found, has the discretion to determine the appropriate disposition of the matter, which includes revoking the probation and sentencing the defendant. See Commonwealth v. Durling, 407 Mass. 108, 111-112 (1990) ; Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014). However, once a judge exercises her discretion to impose the suspended sentence, "[w]hether it is desirable or not," she is without discretion to alter the terms of the sentence. Commonwealth v. Holmgren, 421 Mass. 224, 228 (1995). See G. L. c. 279, § 3 (if the suspension of a sentence is revoked, "the sentence shall be in full force and effect"). The original sentence was neither unlawful, nor was it disproportionate to the crimes the defendant committed.[4] The judge's decision to impose the State prison portion of the sentence was not a clear error of judgment "such that the decision [fell] outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[5]
The defendant also claims the judge did not allow argument at the disposition portion of the final hearing. While counsel requested to be heard on disposition, the judge said she was inclined to order a new aid-in-sentencing report, and asked if anyone objected. There was no objection, and the matter was continued to a new date.
With new counsel at the next date,[6] the defendant's counsel cross-examined the defendant's probation officer, offered testimony from the defendant's mother, and successfully excluded an untimely victim impact statement. Counsel asked to be heard, but, instead, the judge took a recess to review the aid-in-sentencing report. After lunch, the hearing continued. Counsel did not renew his request to be heard. The judge explained that she had reviewed her notes from the hearing, the report, the witness testimony, and the exhibits that were submitted, and she imposed the six to ten year sentence. Counsel did not object.
It would have been preferable for the judge to have permitted argument before imposing the sentence, particularly given the fact that counsel was new and had not been present at the violation hearing.[7] However, "a judge has broad discretion in sentencing and ... '[i]t is not within the power of this court to review an otherwise lawful sentence.' " Commonwealth v. Perez, 477 Mass. 677, 682 (2017), quoting from Commonwealth v. Sanchez, 405 Mass. 369, 379 n.7 (1989). In addition, "[w]e are aware of no authority that says that the failure to grant final argument in a probation revocation hearing is a violation of a probationer's constitutional right to due process of law." Commonwealth v. Marvin, 417 Mass. 291, 294 (1994). See Commonwealth v. Wilcox, 446 Mass. 61, 66 (2006). Given the evidence, reports, exhibits, and testimony considered by the judge, even if there was error, the absence of argument did not create a substantial risk of a miscarriage of justice.
2. The rule 30(a) motion. The defendant also claims that his motion pursuant to Mass.R.Crim.P. 30(a), as appearing in 435 Mass. 1501 (2001), was erroneously denied. More specifically, he claims the automatic imposition of GPS monitoring on him as a youthful offender was illegal. We disagree.
"An 'illegal sentence' is one that is in excess of the punishment prescribed by the relevant statutory provision or in some way contrary to the applicable statute." Commonwealth v. Layne, 21 Mass. App. Ct. 17, 19 (1985). Here, the defendant claims that in light of Commonwealth v. Samuel S., 476 Mass. 497, 509 (2017), the automatic placement of GPS as a probation condition on a youthful offender is unlawful. Without reaching the question of whether Samuel S. is retroactive, this case falls outside the prohibition the court announced in that case.
In this case, unlike Samuel S. or Commonwealth v. Hanson H., 464 Mass. 807 (2013), GPS monitoring was not being automatically imposed under G. L. c. 265, § 47. Instead, the defendant agreed to GPS monitoring as part of his grant of conditional liberty agreement with DYS. See G. L. c. 120, § 6 (a person who has been committed to DYS may be provided liberty "upon such conditions as it believes conducive to law-abiding conduct"). Moreover, the violations that occurred, which led to the revocation of the defendant's probation, all postdated his agreement to wear the GPS device. Samuel S. is simply not apposite.
Order revoking probation and imposing sentence affirmed.
Order denying motion to correct sentence affirmed.

The offenses were committed almost one year earlier, when the defendant was fifteen years old.

At the time, the defendant's terms of probation read "16. NO CONTACT: Have no direct or indirect contact with [the victim]." The terms did not include a stay away order from the victim's house or street. However, there was no appeal from the finding of violation.

The defendant broke into a neighbor's house, masturbated at her bedside while she slept, woke her by touching his penis to her lips, ejaculated on her bedroom floor, stole several items from the house, and fled into the night.

In making her decision to impose the adult portion of the sentence, the judge considered evidence presented at a probation violation hearing, an aid-in-sentencing report, and evidence presented at the sentencing hearing, which included the defendant's mother's testimony and certificates of achievement. In addition, the judge considered approximately twenty-four exhibits admitted in evidence during two hearings.

Before the final disposition hearing, the defendant's attorney was permitted to withdraw due to a conflict, and new counsel was appointed for the defendant.

In addition, the violation was not for a new offense and the suspended sentence was a State prison sentence imposed for a crime committed five years earlier.