NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporters@sjc.state.ma.us

18-P-1399                                        Appeals Court


COMMONWEALTH  vs.  TRENT S. LINDBERG.


No. 18-P-1399.

Plymouth.     October 11, 2019. - September 3, 2020.

Present:  Milkey, Sullivan, & Ditkoff, JJ.


Youthful Offender Act.  Department of Youth Services.  Juvenile
    Court, Probation.  Practice, Criminal, Probation, Mittimus,
    Sentence, Judicial discretion.  Imprisonment, Credit for
    time served.



Indictments found and returned in the Superior Court
Department on November 23, 2010.

After transfer to the Plymouth Division of the Juvenile
Court Department, the cases were heard by John P. Corbett, J.;
and a motion to correct mittimus, filed on April 30, 2018, was
heard by Kathryn A. White, J.


Rebecca Rose for the defendant.
Johanna S. Black, Assistant District Attorney, for the
Commonwealth.


SULLIVAN, J.  The defendant was adjudicated a youthful

offender and received a combination sentence providing for

commitment to the Department of Youth Services (DYS) until age

twenty-one, probation until age twenty-five, and a suspended sentence of incarceration as an adult. See G. L. c. 119, § 58 (b). He violated the terms of his probation while a juvenile, and a different judge imposed the adult portion of the sentence, commencing that day, concurrent with the balance of his DYS commitment.[1] The defendant appeals from an order denying his motion to correct the mittimus, claiming that the second judge failed to adhere to the original sentence when she declined to treat the adult sentence as having run concurrently with the juvenile portion of the sentence from the inception of his original sentence. We affirm.

Background. Born on July 29, 1995, the defendant, age fifteen, was charged with breaking into a residence, stealing various items, entering the bedroom of the sleeping occupant, and masturbating in front of her as she awoke.[2] Indicted on charges of assault with intent to rape, see G. L. c. 265, § 24; indecent assault and battery on a person fourteen years of age or older, see G. L. c. 265, § 13H; unarmed burglary, see G. L.

---

[1] The original sentencing judge had retired.

[2] The underlying offenses are not in dispute and are summarized in the appeal from the order revoking probation and imposing sentence. See Commonwealth v. Lindbergh, 92 Mass. App. Ct. 1121 (2018) (decision pursuant to M.A.C. Rule 23.0 [formerly known as Appeals Court Rule 1:28], as appearing in 97 Mass. App. Ct. 1017 [2020]).

c. 266, § 15; and larceny in a building, see G. L. c. 266, § 20, he agreed to adjudication as a youthful offender.

The original sentencing judge (first judge) entered detailed findings regarding his choice of sentence in accordance with G. L. c. 119, § 58, fourth par. He found that the defendant had a history of substance abuse, anger issues, truancy, and poor academic performance. The first judge further found that the likelihood of reoffense was high and noted the availability of services through DYS consisting of between twenty-four and thirty-six months of secure treatment. He then entered a combination sentence on the indecent assault and battery conviction -- commitment to DYS until July 29, 2016 (age twenty-one), a term of probation until July 29, 2020 (age twenty-five), plus a suspended adult (State prison) sentence of from three to five years. On the assault with intent to rape conviction, the first judge imposed a sentence of commitment to DYS until July 29, 2016 (age twenty-one), a term of probation until July 29, 2020 (age twenty-five), plus a suspended adult sentence of from six to ten years. With respect to the property offenses, he imposed the same period of commitment to DYS, and a three to five year suspended adult sentence for the larceny conviction and a six to ten year suspended adult sentence for the burglary conviction. In each instance he ordered that the

"[p]rison or HOC [house of correction] sentence(s) shall run concurrently with[] other sentences imposed this day."

The defendant was released from DYS custody in April of 2013, and violated his probation shortly thereafter by driving past the victim's home.  The first judge reprobated him and modified the terms of probation to bar travel on the victim's street.  The judge also required global positioning (GPS) monitoring.  The defendant failed to inform the Sex Offender Registry Board of his employment, and the first judge found that the defendant violated his probation for a second time.  He was again reprobated, but was found in violation again for a third time when he failed to charge the GPS device.  After a hearing, a different judge (second judge) imposed the six to ten year adult sentence as of that date, January 8, 2016, on the then twenty year old defendant.  A subsequent appeal from the sentence as disproportionate was rejected by a panel of this court.  See Commonwealth v. Lindberg, 92 Mass. App. Ct. 1121 (2018).

Discussion.  The defendant filed a motion to correct the mittimus asserting that all of the sentences were concurrent, and that his adult sentence should have run from October 21, 2011, the date of his original sentence and commitment to DYS.[3]

_____

[3] The defendant appealed from the order denying the motion. The Commonwealth suggests that the appeal is more aptly

To place the particulars of this argument in context, it is necessary to review the statutory underpinnings of the sentence imposed.

"For a youthful offender, a Juvenile Court judge may order one of three consequences:  (1) a sentence provided by law (i.e., an adult sentence); (2) a combination sentence (which combines a commitment to DYS with a suspended adult sentence); or (3) commitment to DYS until the age of twenty-one.  G. L. c. 119, § 58, third par."  Commonwealth v. Samuel S., 476 Mass. 497, 503 (2017).[4]  Youthful offender status, and the sentencing

---

considered as an appeal from the denial of a motion pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001), to correct an illegal sentence.  We decline to address the procedural issue.  The second judge denied the motion on its merits, nothing turns on the characterization of the underlying motion, and both parties agree that the appeal is properly before us.

[4] General Laws, § 58, third par., provides in pertinent part "a combination sentence which shall be a commitment to [DYS] until he reaches the age of twenty-one, and an adult sentence to a house of correction or to the [S]tate prison as is provided by law for the offense.  The adult sentence shall be suspended pending successful completion of a term of probation, which shall include, but not be limited to, the successful completion of the aforementioned commitment to [DYS].  Any juvenile receiving a combination sentence shall be under the sole custody and control of [DYS] unless or until discharged by the department or until the age of twenty-one, whichever occurs first, and thereafter under the supervision of the juvenile court probation department until the age of twenty-one and thereafter by the adult probation department; provided, however, that in no event shall the aggregate sentence imposed on the combination sentence exceed the maximum adult sentence provided by law."  G. L. c. 119, § 58, third par.

options attendant to it, are a creature of the Legislature's 1996 overhaul of the juvenile justice system. See St. 1996, c. 200. A combination sentence is neither the least nor the most severe sentence under the statute. Instead, it offers the youthful offender a middle ground -- the opportunity to discharge his or her sentence in the juvenile system and avoid adult incarceration.

"When a combination sentence is imposed, the adult sentence must be suspended pending the successful completion of a term that includes, but is not limited to, the DYS commitment. . . . If the youthful offender fails to complete his DYS commitment (and any additional probationary period) successfully, the court may then impose the adult sentence. Alternatively, if the DYS commitment (together with any other suspended portion of the sentence) is successfully completed, the adult sentence can be averted." Commonwealth v. Lucret, 58 Mass. App. Ct. 624, 626 (2003). See G. L. c. 119, § 58, third par. ("The adult sentence shall be suspended pending successful completion of a term of probation, which shall include, but not be limited to, the successful completion of the aforementioned commitment to [DYS]").

In the event that the sentencing judge imposes an adult sentence, "G. L. c. 119, § 58 (b), plainly authorizes the sentencing judge to order that, in the event of a probation

violation, a youthful offender's DYS commitment and adult sentence be served either concurrently or consecutively as the situation may warrant, subject, of course, to the overarching requirement that the aggregate combination sentence not exceed the maximum adult sentence provided by law."  Lucret, 58 Mass. App. Ct. at 629-630.[5]  The decision whether to impose the adult sentence concurrently or consecutively was one which was for the sentencing "judge to determine, upon consideration of all the salient factors, whether a new offense should result in immediate adult incarceration or whether the adult portion of a combination sentence is best served after the completion of the youthful offender's commitment to DYS."  Id. at 630.

We now turn to the particular sentence under consideration here.  The second judge understood the first judge's notation on each of the sentencing orders, "[p]rison or HOC sentence(s) shall run concurrently with[] other sentences imposed this day," to be a directive to run the four adult sentences, if and when imposed, concurrently with each other and any remaining period of DYS commitment.  The defendant maintains that the language of the sentencing documents is a clear and unambiguous expression of intent to run the entire package of adult and juvenile

_____

[5] The defendant's maximum sentence was twenty years under G. L. c. 265, § 24, a period greater than the aggregate sentence.

sentences concurrently effective that day, that his construction is the only permissible construction, and that because the first judge limited the sentence in this manner from the outset, any other disposition that increases the original sentence is illegal. See generally Commonwealth v. Sallop, 472 Mass. 568 (2015).

The premise of the defendant's argument is that the original sentencing judge intended to allow full credit for time spent while committed to DYS against the adult sentence once imposed. This construction does not adequately address the fact that the sentence was suspended, and was not susceptible of being served, until it was imposed. Because DYS, and not the judge, determines where a juvenile will reside during the term of DYS commitment, see Samuel S., 476 Mass. at 504; G. L. c. 120, § 6, a sentencing judge has no definitive way of knowing whether the youthful offender will be held in a secure or nonsecure facility for all, part, or none of the period of his or her commitment. If rehabilitation is successful, the youthful offender may spend time at conditional liberty while still under the supervision of DYS and juvenile probation. A concurrent sentence effective the date of commitment would lead to the anomalous situation, as would be the case here, in which an adult sentence of incarceration runs concurrently with the time a youthful offender remains at conditional liberty. The

defendant has not cited, and we have not found, any case which stretches the definition of concurrent sentences of incarceration to this extent.

The defendant's argument is also belied by the first judge's carefully constructed sentence and factual findings. Having found that the youthful offender was at high risk for reoffense, the judge crafted a sentence that provided a substantial period of probationary supervision in the event that the defendant successfully completed the juvenile portion of the sentence, and a substantial period of incarceration in the event that the youthful offender did not successfully complete the juvenile portion of the sentence or violated his probation before the age of twenty-five. Given the judge's stated concerns about the defendant's likelihood of reoffense, and the substantial period of probation and incarceration reflected in the suspended adult sentence, we agree with the second judge that it would make little sense to conclude that the first judge intended to, in effect, forgive up to six years of a six to ten year adult prison sentence for the period of time the defendant was still a juvenile.

We reject the defendant's contention that the rule of lenity requires a different interpretation. The rule of lenity is a rule of statutory construction, see Samuel S., 476 Mass. at 506, and while it applies to sentencing statutes, see id.,

citing Commonwealth v. Richardson, 469 Mass. 248, 254 (2014), and Commonwealth v. Gagnon, 387 Mass. 567, 569 (1982), cert. denied, 464 U.S. 815 (1983), the rule of lenity does not apply to the sentence itself.  Furthermore, we think the sentencing judge's intent is self-evident for the reasons stated above.

Finally, the defendant urges us to rule that the defendant is entitled to credit for time spent in a DYS secure facility under the juvenile portion of the sentence against the adult sentence once imposed.  The youthful offender sentence is a single sentence, but it is composed of two distinct parts.  Lucret, 58 Mass. App. Ct. at 628.  The time spent in a secure DYS facility is spent in satisfaction of the DYS portion of the sentence.  If successful, the adult portion of the sentence is forgiven in its entirety.  But if, as here, the adult sentence is imposed, that is a separate, statutorily defined consequence.  See G. L. c. 119, § 58, third par.  The time spent in a DYS secure facility in the first part of a youthful offender sentence is categorically different than jail credit given for pretrial detention, and the line of jail credit cases cited by the defendant is therefore inapposite.  See, e.g., Chalifoux v. Commissioner of Correction, 375 Mass 424, 427 (1978).  Cf. Commonwealth v. Ridge, 470 Mass. 1024 (2015) (no entitlement to jail credits on subsequently imposed concurrent sentence, where credits were already awarded on previously imposed sentence).

We do not decide whether the first judge would have had the discretion to give credit for time spent in a secure DYS facility nunc pro tunc against the adult sentence, see generally Commonwealth v. Lydon, 477 Mass. 1013 (2017), as the issue was not raised in the trial court.  See Lucret, supra at 630.

                              Order denying motion to
                                correct mittimus affirmed.