NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13271

COMMONWEALTH  vs.  MIGUEL REMI DONES.


Hampden.     December 7, 2022. – June 23, 2023.

Present:  Budd, C.J., Gaziano, Lowy, Cypher, Kafker, Wendlandt,
& Georges, JJ.


Youthful Offender Act.  Firearms.  Practice, Criminal, Sentence.
    Department of Youth Services.  Juvenile Court, Probation.
    Statute, Construction.


Indictment found and returned in the Superior Court
Department on February 8, 2021.

Following transfer to the Hampden County Division of the
Juvenile Court Department, a motion to revise the sentence was
heard by David B. Paradis, J.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Cynthia Cullen Payne, Assistant District Attorney, for the
Commonwealth.
    Debbie F. Freitas for the defendant.
    Sara LoPresti, Committee for Public Counsel Services, for
youth advocacy division of the Committee for Public Counsel
Services & others, amici curiae, submitted a brief.


GEORGES, J.  At issue in this case is the question whether

a Juvenile Court judge may commit a youthful offender to the

custody of the Department of Youth Services (DYS) until his twenty-first birthday, and then suspend that commitment with conditions of probation. We conclude that a judge in the Juvenile Court has such discretion to suspend a commitment in that manner, and that the judge in this case did not abuse his discretion in doing so. We therefore affirm the denial of the Commonwealth's motion to revise the juvenile's sentence.[1]

1. Background. During a motor vehicle stop, a State police trooper saw a firearm in plain view in the vehicle driven by the juvenile, who was then seventeen years old. The trooper removed the juvenile from the vehicle and arrested him. The juvenile subsequently was indicted as a youthful offender, see G. L. c. 119, § 54, on a charge of carrying a firearm without a license, G. L. c. 269, § 10 (a). Because the juvenile's family was unable to post bail, the juvenile was held at a DYS facility for eight months prior to entering into a plea agreement.

In tendering his plea, the juvenile recommended a continuation without a finding, with supervised probation and a condition that he possess no weapons, until his nineteenth birthday. The Commonwealth recommended that the juvenile be found guilty as a youthful offender and sentenced to eighteen

---

[1] We acknowledge the amicus brief submitted by the youth advocacy division of the Committee for Public Counsel Services, Attorney Naoka Carey, and Citizens for Juvenile Justice.

months in a house of correction.  After a plea colloquy, the
Juvenile Court judge adjudicated the juvenile to be a youthful
offender and ordered him committed to DYS until he reached the
age of twenty-one, pursuant to G. L. c. 119, § 58 (c).  The
judge then suspended the commitment pursuant to G. L. c. 279,
§ 2, with conditions of probation, see G. L. c. 276, § 87, until
the day before the juvenile's twenty-first birthday.

As required by G. L. c. 119, § 58, fourth par.,[2] prior to
imposing sentence, the judge conducted a sentencing
recommendation hearing and made a number of findings.  The
record shows that the judge considered all of the statutory
factors set out in that paragraph to the extent that they were

---

[2] General Laws c. 119, § 58, fourth par., provides in
relevant part:

> "In making [a] determination [of a youthful offender,] the
> court shall conduct a sentencing recommendation hearing to
> determine the sentence by which the present and long-term
> public safety would be best protected.  At such hearing,
> the court shall consider, but not be limited to, the
> following factors:  the nature, circumstances and
> seriousness of the offense; victim impact statement; a
> report by a probation officer concerning the history of the
> youthful offender; the youthful offender's court and
> delinquency records; the success or lack of success of any
> past treatment or delinquency dispositions regarding the
> youthful offender; the nature of services available through
> the juvenile justice system; the youthful offender's age
> and maturity; and the likelihood of avoiding future
> criminal conduct.  In addition, the court may consider any
> other factors it deems relevant to disposition."

applicable to the juvenile's offense. The Commonwealth does not dispute any of the judge's findings.

The judge found that the juvenile lived with his mother, father, and four brothers. He was welcome in the family home and got along with all of his family members. He had a two year old child and took an active role in raising that child. With respect to the juvenile's age and maturity level, the judge noted that, at eighteen years old, the juvenile enjoyed playing basketball, "hang[ing] out" with friends, and playing video games. The judge found that even though the juvenile was "immature" for his age, he was young enough that "probation and/or DYS" would "have time to work with him and assist in his maturing process."

With respect to the eight months that the juvenile spent in a DYS facility awaiting disposition, the judge found that the juvenile had done very well. The juvenile was able to maintain the highest behavioral level and earned recognition as the "group member of the week" multiple times. The juvenile met with his clinician daily and actively participated in daily psycho-educational groups, including substance use disorder prevention, interpersonal effectiveness, and "DBT Mindfulness." He did not instigate any problems, and if he was targeted by peers, he was able to express his concerns to staff and to ask

for help.  The judge also considered the Juvenile Court's policies on dispositional and sentencing best practices.

Based on his considerations of the sentencing policies and all of his findings, the judge determined that, pursuant to G. L. c. 119, § 58, the present and long-term safety of the public would best be served by committing the juvenile to DYS until he reached the age of twenty-one, with the commitment suspended and conditions of probation imposed.  In addition to the standard conditions of probation, the judge added a number of special conditions:  that the juvenile must either obtain employment or work toward a general equivalency diploma; that he not possess drugs or alcohol and must submit to random screens; and that he not possess firearms or other dangerous weapons.

The Commonwealth then timely moved for a revision of the juvenile's sentence.  Specifically, the Commonwealth challenged the judge's decision to suspend the juvenile's commitment to DYS and to place him on probation.  The judge denied the motion, and the Commonwealth appealed to the Appeals Court.  We transferred the matter to this court on our own motion.

2.  Discussion.  This case requires us to consider the interplay of four statutes:  G. L. c. 119, § 58, which, inter alia, sets forth dispositional options for youthful offenders; G. L. c. 279, § 2, which generally authorizes a Juvenile Court judge to suspend a juvenile's commitment to DYS; G. L. c. 276,

§ 87, which generally permits a judge of certain Trial Court departments, including the Juvenile Court, to place a defendant on probation; and G. L. c. 269, § 10 (a), which prescribes punishments for unlawful possession of a firearm. Whether these statutes provide a Juvenile Court judge with the discretion to suspend a youthful offender's commitment to DYS, with probation being imposed in lieu of the committed sentence, is a legal issue that we consider de novo. See, e.g., Commonwealth v. Beverly, 485 Mass. 1, 11 (2020).

"As with all matters of statutory construction, our goal in construing [a] . . . statute is to ascertain and effectuate the intent of the Legislature." Commonwealth v. Rossetti, 489 Mass. 589, 593 (2022), quoting Commonwealth v. Newberry, 483 Mass. 186, 192 (2019). "[T]he language of the statute[s] . . . is 'the principal source of insight' into the intent of the Legislature." Id. "Therefore, we start with the language of the statute[s themselves] and presume, as we must, that the Legislature intended what the words of the statute[s] say" (quotations omitted). Rossetti, supra, quoting Commonwealth v. Williamson, 462 Mass. 676, 679 (2012). If the legislation is found to be ambiguous, we give the juvenile the benefit of the ambiguity. Commonwealth v. Connor C., 432 Mass. 635, 642 (2000), citing Charles C. v. Commonwealth, 415 Mass. 58, 70 (1993).

We begin with G. L. c. 119, § 58, a statute that is to "be liberally construed so that the care, custody and discipline of the children brought before the court shall approximate as nearly as possible that which they should receive from their parents, and that, as far as practicable, they shall be treated, not as criminals, but as children in need of aid, encouragement and guidance."  G. L. c. 119, § 53.  When a child is adjudicated to be a youthful offender, G. L. c. 119, § 58, requires the sentencing judge to impose one of three dispositional options:

> "(a) a sentence provided by law [for the criminal offense charged in the indictment]; or
>
> "(b) a combination sentence which shall be a commitment to the department of youth services until [the child] reaches the age of twenty-one, and an adult sentence to a house of correction or to the [S]tate prison as is provided by law for the offense.  The adult sentence shall be suspended pending successful completion of a term of probation, which shall include, but not be limited to, the successful completion of the aforementioned commitment to the department of youth services. . . . ; or
>
> "(c) a commitment to the department of youth services until [the child] reaches the age of twenty-one."

Otherwise put, paragraph (a) authorizes the judge to impose the most severe option, namely, "the punishment the child would receive were [the child] an adult"; paragraph (b) authorizes an intermediate "combination sentence"; and paragraph (c), "the least severe option," authorizes a commitment to DYS until the child reaches the age of twenty-one.  Connor C., 432 Mass. at 638.

Here, the judge determined that, given all of the circumstances, the least severe option, commitment to DYS, was appropriate. The Commonwealth does not contest the judge's decision to commit the juvenile to DYS pursuant to G. L. c. 119, § 58 (c), instead of imposing a more severe adult or combination sentence under G. L. c. 119, § 58 (a) or (b). Rather, the Commonwealth takes issue with the judge's decision to suspend the commitment to DYS and to place the juvenile on probation.

As the Commonwealth points out, nothing in G. L. c. 119, § 58, expressly authorizes such a disposition. At the same time, however, nothing in the language of that section prohibits a judge from suspending a commitment to DYS that has been imposed upon a youthful offender pursuant to G. L. c. 119, § 58 (c). By contrast, G. L. c. 119, § 58, seventh par.,[3] expressly prohibits the suspension of a commitment to DYS

_____

[3] General Laws c. 119, § 58, seventh par., provides:

"Notwithstanding any other provisions of this chapter, a person adjudicated a delinquent child by reason of a violation of [G. L. c. 269, § 10 (a), (c), or (d), or G. L. c. 269, § 10E], shall be committed to the custody of the commissioner of youth services who shall place such child in the custody of a facility supported by the [C]ommonwealth for the care, custody and training of such delinquent children for a period of at least [180] days or until such child attains his eighteenth birthday or his nineteenth birthday in the case of a child whose case is disposed of after he has attained his eighteenth birthday, whichever first occurs, provided, however, that said period of time shall not be reduced or suspended" (emphasis added).

imposed on a juvenile who has been adjudicated a delinquent child by reason of a violation of, inter alia, G. L. c. 269, § 10 (a), the provision under which the juvenile here was convicted as a youthful offender.  We held in Connor C., 432 Mass. at 645, that the seventh paragraph of G. L. c. 119, § 58, by its plain language, applies only to delinquent children and not to youthful offenders.  Accordingly, this provision does not deprive a judge of the authority to suspend a youthful offender's commitment to DYS.  Moreover, the fact that the Legislature expressly prohibited the suspension of a delinquent child's commitment to DYS shows that it knew how to preclude suspension of a commitment to DYS if it chose to do so.  In the nearly twenty-three years since this court's decision in Connor C., the Legislature has not seen fit to do so with respect to youthful offenders.  Cf. DiMasi v. Secretary of the Commonwealth, 491 Mass. 186, 197 (2023), quoting Casseus v. Eastern Bus Co., 478 Mass. 786, 796 (2018) (if Legislature had intended different meaning from how statute was written, then "the wording of the statute could have easily reflected [the Legislature's intent]").

The Commonwealth argues that because G. L. c. 119, § 58 (b), authorizes a Juvenile Court judge to suspend the adult portion of a combination sentence, the Legislature could have also authorized the suspension of a commitment to DYS in G. L.

c. 119, § 58 (c), but chose not to do so. We do not agree. General Laws c. 119, § 58 (b), does not bestow on a judge discretionary authority to decide whether to suspend the adult portion of such a sentence; the provision rather requires that "[t]he adult sentence shall be suspended pending successful completion of a term of probation, which shall include, but not be limited to, the successful completion of the aforementioned commitment to" DYS until the juvenile reaches the age of twenty-one (emphasis added). That a judge is required to suspend the adult portion of a combination sentence under G. L. c. 119, § 58 (b), says nothing about a judge's discretion to suspend a commitment to DYS under G. L. c. 119, § 58 (c).

At first glance, it might appear incongruous to conclude that where a juvenile violates G. L. c. 269, § 10 (a), the commitment to DYS may not be suspended if the juvenile is adjudicated a delinquent child, but may be suspended if the juvenile is found to be a youthful offender. The Legislature, however, rationally could require a delinquent child to serve out a commitment to DYS until the child reaches the age of eighteen (or, in some cases, nineteen) while permitting judges to decide to suspend the longer commitment of a youthful offender until the age twenty-one.

"[I]t is evident from the Legislature's over-all approach to the sentencing of youthful offenders that it intended to give

the sentencing judge wide latitude in fashioning a sentence that best serves the needs of the community and the youthful offender." Commonwealth v. Lucret, 58 Mass. App. Ct. 624, 629 (2003). Moreover, the Legislature presumably has been aware, at least since our decision in Connor C., 432 Mass. at 638, 645-646, that G. L. c. 119, § 58, seventh par., applies only to delinquent children, and not to youthful offenders, and it has not chosen to amend that provision. "We do not read into the statute a provision which the Legislature did not see fit to put there, nor add words that the Legislature had an option to, but chose not to include." Commonwealth v. Williams, 481 Mass. 799, 807-808 (2019), quoting Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126, (2006).

In addition, we note that certain other statutes expressly provide a Juvenile Court judge the authority to suspend a commitment to DYS and then to impose probation. In particular, G. L. c. 279, § 2, provides:

> "In all cases the execution of orders of commitment to any training school or reformatory, however named, the department of youth services, or the department of public welfare may be suspended, and such suspension continued or revoked, in the same manner and with the same effect as the execution of sentences in criminal cases."

This provision, by its plain terms, authorizes a Juvenile Court judge to suspend an order committing a juvenile to DYS "[i]n all

cases."  Contrary to the Commonwealth's argument, we do not read the final phrase of G. L. c. 279, § 2 -- "in the same manner and with the same effect as the execution of sentences in criminal cases" -- as limiting a judge's authority to suspend a commitment to DYS only in instances where an ordinary criminal sentence could be suspended.

The statutory language provides that a commitment to DYS may be suspended "in the same manner and with the same effect" as a criminal sentence, not that it may be suspended in the same circumstances as a criminal sentence (emphasis added).  G. L. c. 279, § 2.  In other words, the provision simply analogizes the suspension of a DYS commitment to the suspension of a criminal sentence, without limiting the judge's authority to suspend the DYS commitment by any restrictions on suspension that are enumerated in the criminal statute.[4]  In construing the provision in this manner, we are mindful that juvenile justice laws "shall be liberally construed," and that "[p]roceedings against children under said sections shall not be deemed

---

[4] General Laws c. 279, § 2, authorizes a Juvenile Court judge to suspend a DYS commitment in all cases, except, of course, where a suspension of a DYS commitment is specifically prohibited.  As discussed supra, such a prohibition does not exist for the cases of juveniles adjudicated as youthful offenders for violations of G. L. c. 269, § 10 (a).

criminal proceedings."  G. L. c. 119, § 53.[5]  Restricting juvenile sentencing, even for youthful offenders, to adult sentencing provisions, would be contrary to the plain statutory language, as well as the Legislature's intent in adopting this provision.  See Connor C., 432 Mass. at 641-642 (noting that language of G. L. c. 119, § 53, "does not label a 'youthful offender' proceeding as 'criminal'").  See also Commonwealth v. Anderson, 461 Mass. 616, 630, cert. denied, 568 U.S. 946 (2012) ("an adjudication of a juvenile as a youthful offender . . . does not transform [the juvenile's] illegal act from an act of delinquency into a crime").  If the Legislature had intended to limit a judge's authority in the manner the Commonwealth

---

[5] "Independent of the rule of lenity, we have said that interpreting an ambiguous statute against a juvenile would conflict with the statutory command of G. L. c. 119, § 53." Commonwealth v. Samuel S., 476 Mass. 497, 506 (2017), citing Commonwealth v. Hanson H., 464 Mass. 807, 810-813 (2013). General Laws c. 119, § 53, "requires a liberal construction of the juvenile justice laws in order to ensure that juveniles who commit offenses are 'treated[] not as criminals, but as children in need of aid, encouragement, and guidance.'" Samuel S., supra, quoting G. L. c. 119, § 53.

To be sure, G. L. c. 119, § 53, mandates that liberal construction shall apply to G. L. c. 119, §§ 52-63, and G. L. c. 279, § 2, is not included within those sections.  However, this case requires us to consider G. L. c. 279, § 2, a provision concerning the suspension of sentences to DYS, in light of our interpretation of G. L. c. 119, § 58, and other juvenile justice statutes.  Therefore, the command of G. L. c. 119, § 53, is instructive here.  See Samuel S., 476 Mass. at 506.

suggests, then it would have done so in plain and unambiguous language.

In determining whether the juvenile's sentence was permissible, we also must consider the effect of certain language in G. L. c. 269, § 10 (a).  General Laws c. 269, § 10 (a), first par., which prohibits unlawful possession of a firearm, provides that a person who violates it shall be punished by a minimum term in State prison or in a house of correction, and that "[t]he sentence imposed on such person shall not be reduced to less than [eighteen] months, nor suspended."  This language plainly precludes a judge from suspending an adult offender's committed sentence to less than a period of eighteen months.  Two paragraphs later, the provision states:

> "The provisions of [G. L. c. 276, § 87,[6]] shall not apply . . . to any child between ages fourteen and [eighteen] so charged, if the court is of the opinion that the interests of the public require that [the child] should be tried as an adult for such offense instead of being dealt with as a child."

G. L. c. 269, § 10 (a) (6), third par.

_____

[6] General Laws c. 276, § 87, permits a Juvenile Court judge to place

> "on probation in the care of [the court's] probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty, or in any case after a finding or verdict of guilty."

Reading the paragraphs of G. L. c. 269, § 10 (a) (6), in harmony with one another, see Hovagimian v. Concert Blue Hill, LLC, 488 Mass. 237, 241 (2021), we conclude that the statutory language in no way prohibits a Juvenile Court judge from suspending a youthful offender's commitment to DYS.  While there is such a prohibition for juveniles adjudicated delinquent for violations of G. L. c. 269, § 10 (a), here, the Juvenile Court judge sentenced the defendant as a youthful offender under the "least severe" option under G. L. c. 119, § 58 -- commitment to DYS.  Connor C., 432 Mass. at 638.  We again note that the declared policy of G. L. c. 119, § 53, is that the "operative provisions of the [juvenile sentencing] statutes shall be liberally construed to require rehabilitative 'aid, encouragement and guidance' rather than criminal dispositions for children who offend."  Id. at 641 ("the provisions of the 1996 amendments [to the juvenile sentencing provisions of G. L. c. 119, §§ 52-63,] did not eviscerate the longstanding principle that the treatment of children who offend our laws are not criminal proceedings").

Accordingly, a judge's determination that a juvenile should be sentenced as a youthful offender under G. L. c. 119, § 58, does not amount to an adjudication of the juvenile in a criminal proceeding that would implicate adult sentencing requirements. See Connor C., 432 Mass. at 646 ("an 'adjudication' that a child

has violated a law generally is not a 'conviction' of a crime").
Here, the judge was not bound by the language in G. L. c. 269,
§ 10 (a), that prohibited suspended sentences for "any person
convicted under [that] subsection."[7] Cf., Commonwealth v. Hanson
H., 464 Mass. 807, 813-814 (2013) (for purposes of sentencing
statute, phrase "[a]ny person" did not include juveniles, but
only adults, due to "the inherent differences between juvenile
and adult offenders"). As a result, the judge was within his
discretion in suspending the juvenile's commitment pursuant to
G. L. c. 276, § 87. In so holding, we bear in mind that the
ultimate "goal of our juvenile system is to act in the best
interests of children by encouraging and helping them to become
law-abiding and productive members of society, and not to label
and treat them as criminals." Connor C., supra.

---

[7] Nor does the language in G. L. c. 269, § 10 (a), third
par., apply. That paragraph prohibits a judge from placing a
juvenile aged fourteen to eighteen, who has been charged with a
violation of § 10 (a), on probation before or after a trial or
before a guilty plea, where the "court is of the opinion that
the interests of the public require that [the juvenile] should
be tried as an adult for such offense instead of being dealt
with as a child." Under the youthful offender regime created by
the 1996 legislation, a juvenile proceeded against as a youthful
offender and sentenced under G. L. c. 119, § 58 (c), is still
considered a child within the juvenile justice system, not an
adult. See St. 1996, c. 200, §§ 2, 7; G. L. c. 119, § 53
("Proceedings against children under said sections shall not be
deemed criminal proceedings"). Thus, a judge is not statutorily
barred from placing on probation a juvenile who has been
adjudicated as a youthful offender and sentenced to the least
severe sentencing option for a firearms charge.

3. <u>Conclusion</u>.  The order denying the Commonwealth's motion to revise the juvenile's sentence is affirmed.

<u>So ordered</u>.